FILED
U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

2006 APR -5 AM 10: 49

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHEGLON ELCOCK, A-36-708-860,

Petitioner,

-v-

06-CV-168E(Sc)
**ORDER**

WILLIAM CLEARY, Director,

Respondent.

Petitioner Sheglon Elcock, who is currently detained at the Buffalo Federal Detention Facility, has filed a petition pursuant to 28 U.S.C. § 2241, challenging a final order of removal of the Board of Immigration Appeals ("BIA") issued on March 3, 2005. (Docket No. 1).[1] Petitioner now makes a claim of derivative citizenship as a defense to his removal.[2] Petitioner also seeks permission to proceed *in forma pauperis* (Docket No. 2) and a stay of removal pending a determination by the Court of the petition (Docket No. 1). For the following reasons, petitioner's application to proceed *in forma pauperis* is granted and the petition is dismissed for want of jurisdiction because the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8

[1]An earlier petition filed by petitioner challenging the same order of removal challenged herein was transferred to the United States Court of Appeals for the Second Circuit on June 1, 2005, pursuant to the REAL ID Act 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252). Elcock v. Cleary, 05-CV-0346E (Docket No. 3, Order).

[2]Jurisdiction over claims of derivative citizenship as a defense to removal lies with the Courts of Appeals. *See, e.g.*, Ewers v. I.N.S., 2003 WL 2002763 (D.Conn.,Feb 28, 2003).

U.S.C. § 1252), divested this Court of jurisdiction over petitions for habeas corpus relief challenging a final order of removal and, concomitantly, any requests for stays of removal. Petitioner must therefore re-file this petition and his request for a stay of removal with the Second Circuit Court of Appeals.

On May 11, 2005, Congress enacted the Real ID Act, which became effective that same day. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Specifically, section 106(a)(1)(B), amends § 242(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1252 (2000), and adds the following jurisdictional provision:

> (5) Exclusive Means of Review - Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[3] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act . . . .

REAL ID Act, § 106(a)(1)(B)(5). The REAL ID Act also provided that the "district court shall transfer . . . to the court of appeals any case "challenging a final administrative order of removal that was "*pending* in a district court" on the date the Act became effective--May 11, 2005. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231 (2005).

---

[3]The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2).

The instant petition was filed in this Court on March 20, 2006, and seeks review of an order of removal entered by the Board of Immigration Appeals on March 3, 2005. Petitioner does not challenge his continued detention and only seeks review of his claim of derivative citizenship as a defense to his removal.[4]

The Court finds that since petitioner challenges an order of removal within in the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), this Court has no jurisdiction to review the merits of the petition or to stay the order of removal. Since the petition was not "pending" on May 11, 2005, this Court does not have the authority to transfer this case to the court of appeals. *See* Walters v. Chertoff, NO. 3:05 CV 01672 RNC, 2005 WL 3416124, *1 (D.Conn. Dec 12, 2005); Flores-Diaz v. U.S., No. 2:05-CV-710 TS, 2005 WL 2456983 (D.Utah, Oct 05, 2005); Nnabuihe v. Bureau of Immigration and Customs Enforcement, No. 3:05-CV-1523-N, 2005 WL 2545284 (N.D.Tex., October 11, 2005); Griffith v. Dept. of Homeland Security, 2005 WL 2338866 *1 (W.D.N.Y., September 3, 2005); Munoz v. Gonzalez, No. 05 Civ. 6056 (SHS), 2005 U.S. Dist. LEXIS 14014 (S.D.N.Y., July 11, 2005).

As noted, the sole and exclusive means to review "an order of removal," such as the one challenged herein, is through a petition

---

[4]It appears from the petition that the claim of derivative citizenship was not raised previously during petitioner's removal proceedings.

for review with the appropriate court of appeals[5]. REAL ID Act, § 106(a)(1)(B). In this matter the Second Circuit Court of Appeals is the appropriate court of appeals because, according to the petition, the Immigration Judge completed the immigration proceedings at the Buffalo Federal Detention Facility which is located within the Second Circuit. INA, § 242(b)(2), as amended, 8 U.S.C. § 1252(b)(2).

If petitioner intends to appeal from this Order, he must file any notice of appeal from this Order with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS HEREBY ORDERED** that the application to proceed *in forma pauperis* is granted, the petition is dismissed without prejudice to it being re-filed in the Second Circuit Court of Appeals and the

---

[5]INA, § 242(b)(1), as amended, 8 U.S.C. § 1252(b)(1), provides that "[t]he petition for review must be filed **not later than 30 days** after the date of the final order of removal." (Emphasis added).

request for a stay of removal is denied without prejudice to it being re-filed in the Second Circuit Court of Appeals.

**FURTHER**, that leave to appeal as a poor person is denied.

**FURTHER**, that to inform respondent of the filing and dismissal of the petition the Clerk of the Court shall serve the petition and this Order upon the following:

- United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202;
- James W. Grable, District Counsel for the Department of Homeland Security, 130 Delaware Avenue, Room 203, Buffalo, New York 14202.

**SO ORDERED.**

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated: April 4, 2006
Rochester, New York